UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLYMPIA MCCRAY, as personal
representative of the estate of
MAKARRA SANDERS, deceased,

        Case No. 05-60108

    Plaintiff,

v.

        Hon. John Corbett O'Meara

Warren P.O. MICHAEL ALLEN ANDERSON, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR DISBURSEMENT OF FUNDS**

Before the court is Plaintiff's motion for disbursement of funds and to approve distribution of wrongful death proceeds, filed May 17, 2007. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 after the decedent, Makarra Sanders, died in police custody after ingesting crack cocaine. The parties entered into a settlement; and Plaintiff seeks the court's approval to distribute the proceeds to Sanders' heirs in accordance with Michigan's Wrongful Death Statute, M.C.L. § 600.2922.

The court previously denied Plaintiff's motion without prejudice, on June 21, 2007, to allow the interested parties an opportunity to resolve pending objections to the disbursement of funds. The court scheduled an evidentiary hearing, to be held in the event the objections were not resolved.

Upon further review of Plaintiff's motion and the controlling legal authority, the court cancelled the evidentiary hearing. As discussed below, the court lacks subject matter jurisdiction to consider the disbursement of the settlement proceeds.

Although Plaintiff seeks relief under M.C.L. § 600.2922, Michigan's Wrongful Death Statute, the court dismissed Plaintiff's state claims on June 24, 2005. Plaintiff's claims in this case arise solely under federal law. Plaintiff is requesting the court distribute assets belonging to Sanders' estate, which is otherwise exclusively under the jurisdiction of the state probate court. See M.C.L. § 700.1302 (providing exclusive probate court jurisdiction over "estate administration, settlement, and distribution," "declaration of rights," and "determination of heirs"). In general, federal courts lack "jurisdiction over cases involving probate matters." Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004). "The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court." Id. As noted above, jurisdiction over the administration of Sanders' estate rests exclusively with the state probate court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's May 17, 2007 motion to disburse funds is DENIED. Plaintiff shall submit a proposed judgment reflecting the settlement reached with the Defendants and placed on the record before the magistrate judge.

s/John Corbett O'Meara  
United States District Judge

Dated: September 20, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 20, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager